NOTE: This order is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

_____

**XIAOHUA HUANG,**

*Plaintiff-Appellant*

**v.**

**HUAWEI TECHNOLOGIES CO., LTD.,**

*Defendant-Appellee*

_____

2017-2345

_____

Appeal from the United States District Court for the Eastern District of Texas in No. 2:16-cv-00947-JRG-RSP, Judge J. Rodney Gilstrap.

_____

**ON MOTION**

_____

Before TARANTO, CHEN, and HUGHES, *Circuit Judges*.

PER CURIAM.

## O R D E R

Huawei Technologies Co., Ltd. moves to dismiss this appeal as premature and seeks sanctions. Xiaohua Huang opposes the motion and moves to file a corrected opening brief and to make this appeal a companion case with Appeal Nos. 2017-1505, 2017-1893, 2017-2092, and

2017-2229.  Huawei Technologies opposes companion case treatment.

In August 2015, Mr. Huang filed a patent infringement suit against Huawei Technologies in the United States District Court for the Eastern District of Texas. *Huang v. Huawei Techs. Co.*, 2:15-CV-01413-JRG-RSP (E.D. Tex. Aug. 14, 2015).  The district court granted summary judgment in favor of Huawei Technologies, and Mr. Huang has filed several appeals now pending in this court.

In August 2016, Mr. Huang filed the present underlying case against Huawei Technologies in the same district court asserting infringement of the same patent claims. *Huang v. Huawei Techs. Co.*, 2:16-CV-00947-JRG-RSP (E.D. Tex. Aug. 26, 2016).  The district court initially set a scheduling conference and allowed Huawei Technologies to file a motion for summary judgment but later canceled its scheduling conference, deferred resolution of the motion for summary judgment, and ordered that proceedings in the case be stayed pending the outcome of the appeals in the first case.  The court also denied Mr. Huang's motion to amend his complaint and his request to consolidate. Mr. Huang then appealed, seeking review of the stay order and other rulings.

Ordinarily, this court has jurisdiction to review only a "final decision of a district court of the United States . . . in any civil action arising under" patent laws.  28 U.S.C. § 1295(a)(1); *Intellectual Ventures II LLC v. JPMorgan Chase & Co.*, 781 F.3d 1372, 1374 (Fed. Cir. 2015) ("Consistent with the final judgment rule, this court normally only has jurisdiction to review 'a *final decision* of the district court.'" (citation omitted)).  A final decision is one "that 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Pause Tech. LLC v. TiVo Inc.*, 401 F.3d 1290, 1292 (Fed. Cir.

2005) (quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945)).

An order staying proceedings where claims remain unresolved obviously fails to end the litigation on the merits and is not a final decision. *See Spread Spectrum Screening LLC v. Eastman Kodak Co.*, 657 F.3d 1349, 1354 (Fed. Cir. 2011) ("Because the stay does not dispose of S3's claims against the Kodak Customers or the pending counterclaims, and therefore was not a final judgment, the court lacks jurisdiction under § 1295."); *see also Intellectual Ventures*, 781 F.3d at 1375 ("The parties agree that decisions on motions to stay ordinarily are not immediately appealable under the final judgment rule.").

Just as clearly not final decisions under the final judgment rule are orders denying motions to amend, denying consolidation, and resolving case management matters. *See In re Wolfe*, 111 F.3d 142, 142 (Fed. Cir. 1997) (unpublished) (citing *Kahn v. Chase Manhattan Bank, N.A.*, 91 F.3d 385, 387–88 (2d Cir. 1996) for the proposition that "an order denying a motion for leave to amend a complaint . . . is not a final order"); *In re Korean Air Lines Co.,* 642 F.3d 685, 689 (9th Cir. 2011) (noting that the court lacks jurisdiction over "non-final decisions" such as an "interlocutory case management order governing the pretrial coordination of pending cases").

There are certain "narrow" exceptions to the final judgment rule. *Intellectual Ventures*, 781 F.3d at 1375. But those exceptions are inapplicable here. This is not a case where the trial court contemplates no further action, thus effectively putting Mr. Huang out of federal court. *See Slip Track Sys., Inc. v. Metal Lite, Inc.*, 159 F.3d 1337, 1340 (Fed. Cir. 1998). Nor is this a situation where the district court acted on a motion for injunctive relief, making the order appealable under 28 U.S.C. § 1292, as Mr. Huang suggests in his opposition.

4                       HUANG v. HUAWEI TECHNOLOGIES CO., LTD.

Accordingly,

IT IS ORDERED THAT:

(1)  Huawei Technologies' motion is granted to the extent that the appeal is dismissed.

(2)  Mr. Huang's pending motions are denied.

(3)  Each side shall bear its own costs.

FOR THE COURT

/s/ Peter R. Marksteiner
Peter R. Marksteiner
Clerk of Court

s31

ISSUED AS A MANDATE: October 12, 2017