IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| XIAOHUA HUANG | § § § | |
| *Plaintiff*, | § § | Case No. 2:15-cv-01413-JRG-RSP |
| v. | § § | Case No. 2:16-cv-00947-JRG-RSP |
| HUAWEI TECHNOLOGIES CO. LTD., | § § | |
| *Defendant*. | § § | |

## MEMORANDUM ORDER

*Pro se* Plaintiff Xiaohua Huang ("Huang") sued Defendant Huawei Technologies Co. Ltd. ("Huawei") for patent infringement in the two above-captioned cases, asserting the same patents in both cases. Both cases were dismissed at the summary judgment stage. Now, Huawei moves for an order sanctioning plaintiff and dismissing plaintiff's second lawsuit ("Motion for Sanctions"). (**Dkt. No. 71**). Huawei also asks for leave to file supplemental evidence in support of its motion for sanctions ("Motion to Supplement"). (**Dkt. No. 85**). Finally, Mr. Huang moves to withdraw Huawei's Motion for Supplemental Evidence ("Motion to Withdraw") (collectively, the "Motions"). (**Dkt. No. 89**).[1]

### I. BACKGROUND

Mr. Huang originally sued Huawei for patent infringement in 2015. This Court granted summary judgment of non-infringement in that case, Case 1, finding that Mr. Huang's conduct "has unnecessarily burdened Huawei and the Court with what appears to have been a frivolous case from the outset." (Dkt. No. 204 at 7 in Case 1). Accordingly, the Court ordered Mr. Huang to

---
[1] Identical motions were filed in both the -1413 and -947 cases. For simplicity, the Court will use the docket numbers corresponding to the -947 case unless noted otherwise. To be clear, the Court's Order addresses both cases, including the already-identified docket numbers as well as Dkt. Nos. 250, 254, and 256 in the -1413 case.

pay Huawei $604,036.71 in fees and costs. (Dkt. No. 222 in Case 1). Following five separate appeals by Mr. Huang, the Federal Circuit affirmed the summary judgment of non-infringement, the grant of attorneys' fees and expert costs, and all other rulings he had challenged. (Dkt. No. 237 in Case 1) (Federal Circuit Opinion and Judgment filed on June 8, 2018).

In 2016, the Court denied Mr. Huang's late request to add more than 70 accused products to the case. Mr. Huang then filed another case in this Court, Case 2, asserting the same infringement claims as in Case 1, accusing the products he had tried to join into Case 1. (*Compare* Dkt. No. 24 *with* Dkt. No. 97 in Case 1). Huawei again moved for summary judgment, which was again granted.

Huawei then filed this Motion for Sanctions. Meanwhile, Mr. Huang appealed the dismissal of Case 2 to the Federal Circuit.[2] (Dkt. No. 80). Huawei filed the Motion to Supplement, seeking to add to the record a copy of a new complaint Mr. Huang filed in another court, asserting similar claims to those at issue here. (Dkt. No. 85-1). Soon after, Mr. Huang filed the Motion to Withdraw, asking the Court to withdraw Huawei's Motion to Supplement. Both cases were stayed pending resolution of the appeal in Case 2.

The Federal Circuit issued its opinion, affirming the District Court on all counts. The Court now takes up the Motions since the appeal has concluded and the briefing on the motions is complete.

II. **ANALYSIS**

   a. **Motion to Supplement**

In the Motion to Supplement, Huawei moves for leave to add to the record a copy of Mr. Huang's new complaint, in which he filed a patent-infringement complaint in the Northern District

---

[2] Beyond the summary judgment order, Mr. Huang also appealed denial of his motion to transfer. The Court denied the motion since, among other reasons, Mr. Huang, as plaintiff, chose to file the case in the Eastern District of Texas.

of California. The same three patents are asserted and the defendant in that case is Wells Fargo, which is alleged to use, among others, Huawei's routers and switches.

Courts in this District routinely apply a four-factor test to determine whether supplementation is appropriate: (1) the explanation for the failure to meet the deadline; (2) potential prejudice in allowing the thing that would be excluded; (3) the importance of the thing that would be excluded; and (4) the availability of a continuance to cure such prejudice. *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003); *Uniloc 2017 LLC v. Google LLC*, 2:18-cv-00550-JRG-RSP, Dkt. No. 133 at *3–4 (E.D. Tex. Jan. 17, 2020).

Huawei explains that it could not have filed the complaint as evidence during the period allotted since the complaint was not filed until after the deadline. Huawei further argues that Mr. Huang would suffer no prejudice as he has had the opportunity to respond. Next, Huawei argues that the complaint is compelling new evidence supporting Huawei's argument. Finally, since judgment has already been entered in this case, a continuance is not needed. Considering the factors, the Court finds that on the whole, they favor allowing the supplement. Accordingly, the Court **GRANTS** Huawei's Motion to Supplement.

### b. Motion to Withdraw

In the Motion to Withdraw, Mr. Huang moves to withdraw Huawei's Motion to Supplement, which he clearly lacks the authority to do. Accordingly, the Court **DENIES** this motion.

### c. Motion for Sanctions

Finally, Huawei asks this Court to (1) order Mr. Huang not to contact Huawei except through outside counsel of record; (2) dismiss Case 2 with prejudice, both as a sanction and as claim-precluded; (3) enjoin Mr. Huang, without first obtaining leave of Court, from filing any

future actions related to his patents against Huawei, its affiliates, its suppliers, and its customers and end users; and (4) treat Mr. Huang's failure to obey the Court's discovery order as contempt of court and award Huawei fees and costs incurred in briefing this motion. (Dkt. No. 71 at 1–2).

This motion was filed before the District Judge adopted the order recommending dismissal with prejudice of Case 2. However, the recommendation was adopted and Case 2 has since been dismissed with prejudice. Therefore, the second of Huawei's requests has already been granted.

As for the other three requests, the Court denies them for the following reasons. As an initial matter, the Court applies Fifth Circuit law even though this is a patent infringement case since the Motions do not raise issues unique to patent law. *See, e.g., Function Media, L.L.C. v. Google, Inc.*, 708 F.3d 1310, 1317 (Fed. Cir. 2013) ("For issues not unique to patent law, we apply the law of the regional circuit in which this appeal would otherwise lie.").

The Court first takes up the first and third requests—to enjoin Mr. Huang from contacting or filing actions against Huawei.

> When considering whether to enjoin future filings, the court must consider the circumstances of the case, including four factors: (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions.

*See Matter of Carrol*, 850 F.3d 811, 815 (5th Cir. 2017) (citations omitted).

The Court has already determined that Mr. Huang has not litigated in good faith and has awarded significant sanctions against him, both to mitigate the prejudice to Huawei and to deter further similar behavior by Mr. Huang. However, this record does not display a basis for further sanctions beyond those. With this order, all of the pending litigation in this Court will be concluded. The newer action in California is pending against a different defendant and the Court in California is in the best position to determine whether further relief is in order and to tailor any

such remedies. The Court does not believe that an injunction against either contact with Huawei or the filing of future actions is necessary or appropriate. The basis for any further award of fees or costs under the rules is lacking as well.

In sum, the second request—the dismissal of Case 2 with prejudice—has now been accomplished. The other requests in the motion are denied.

### III. CONCLUSION

For the reasons set forth herein, the Court denies the Motions for Sanctions (2:15-1413 Dkt. No. 250, and 2:16-947 Dkt. No. 71), grants the Motion to Supplement (2:15-1413 Dkt. No. 254, and 2:16-947 Dkt. No. 85), and denies the Motion to Withdraw (2:15-1413 Dkt. No. 256, and 2:16-947 Dkt. No. 89).

**SIGNED this 12th day of February, 2020.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE